# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DESHAWNE PHILLIPS**, on behalf of himself and others similarly situated, | Case No. |
| Plaintiff, | |
| vs. | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **GOLDBERG COMPANIES, INC.**, | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

Plaintiff Deshawne Phillips ("Plaintiff"), on behalf of himself and others similarly situated, for his collective and class action Complaint against Defendant Goldberg Companies, Inc. ("Defendant"), states as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111.

2. Plaintiff brings this case as a FLSA "collective action" on behalf of himself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. §216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other similarly situated persons who worked for Defendant in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiff is an adult individual residing in Cleveland, Ohio.

8. Plaintiff was employed by Defendant from approximately February 10, 2025 until April 28, 2025. Plaintiff was employed by Defendant as a non-exempt hourly employee.

9. Plaintiff's written Consent to Join this Action is attached hereto as **Exhibit A**.

10. At all relevant times, Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA and Ohio law.

11. At all relevant times, Plaintiff and those similarly situated employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Defendant is an Ohio corporation with its headquarters at 25101 Chagrin Blvd, Beachwood, OH 44122 (Cuyahoga County). Defendant can be served through its Ohio registered statutory agent: Peter Nintcheff at 25101 Chagrin Blvd, Ste 300, Beachwood, OH 44122.

13. At all relevant times, Defendant was an employer of Plaintiff and other similarly situated employees within the meaning of the FLSA and Ohio law.

14. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. At all relevant times, Defendant was fully aware of the fact that it was legally required to comply with the FLSA and the OMFWSA.

## FACTS

16. Defendant owns and operates a commercial and residential construction and property management company in Ohio.

17. Defendant's website provides that "Goldberg Companies, GCI Residential and GCI Construction (known collectively as GCI) is a vertically integrated national developer, general contractor and property manager of residential and commercial real estate. Founded in 1952, GCI began its evolution into a leading development, construction and management firm based in northeast Ohio. Since its inception, GCI has successfully transformed from an Ohio staple with a strong legacy into a national platform with exciting growth."[1]

18. Defendant employs hourly workers to provide various services, including but not limited to maintenance, related to its commercial and residential properties.

19. Plaintiff and other similarly situated employees were hourly employees who worked for Defendant within the last three years. At no time was Plaintiff or other similarly situated employees paid on a salary basis.

---

[1] https://www.goldbergcompanies.com/about (last viewed 8/8/25). Plaintiff provides notice that should discovery support the naming of any of these entities as a defendant / "employer" under the FLSA and/or Ohio law, Plaintiff may seek to amend to name such entity.

20. Plaintiff worked for Defendant as an hourly Maintenance Technician who lived on-site and was paid approximately $19.00 per hour.

21. Plaintiff and those similarly situated employees were not exempt from the overtime requirements of the FLSA or Ohio law.

22. At all relevant times, Plaintiff and those similarly situated employees regularly worked more than 40 hours per workweek for Defendant.

23. Plaintiff and others similarly situated lived on property where they performed maintenance work.

24. Plaintiff and others similarly situated were received non-discretionary compensation, including but not necessarily limited to the value of rent payments for Plaintiff and others similarly situated to live on site ("Rent"), that were not calculated into their regular rates for the purposes of calculating overtime compensation.

25. Defendant failed to include this situated when calculating overtime compensation, thereby resulting in the underpayment of overtime pay in violation of the FLSA and the OMFWSA.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

27. The FLSA Collective members who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations is defined as follows:

> **All current and former hourly employees of Defendant, including temporary employees as applicable, and who received additional, non-discretionary compensation, including, but not necessarily limited to "Rent", and who worked more than 40 hours during any such workweeks at any time from three years preceding the filing of this Complaint through final disposition of this matter**.

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

29. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's failure to pay Plaintiff and others similarly situated an overtime premium of one and a half times their properly calculated regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs

30. The identities of the putative FLSA Collective members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) &  29 C.F.R. § 215.2.

## OHIO CLASS ACTION ALLEGATIONS
### (Ohio Class)

31. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Ohio. The Ohio Class is defined as follows:

> **All current and former hourly Ohio employees of Defendant, including temporary employees as applicable, and who received additional, non-discretionary compensation, including, but not necessarily limited to "Rent", and who worked more than 40 hours during any such workweeks at any time from two years preceding the filing of this Complaint through final disposition of this matter**.

5

32. The Ohio Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown but is estimated to exceed 40 individuals. The exact number as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law. Ohio Const. art. II, § 34a.

33. There are questions of law or fact common to the Ohio Class including whether Defendant failed to pay non-exempt hourly employees, such as Plaintiff and those similarly situated employees, for all hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective properly calculated regular rates as a result of Defendant's failure to in include Plaintiff's and other similarly situated employees' non-discretionary compensation when calculating their regular rates of pay.

34. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual Ohio Class members.

35. Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Ohio Classes.

36. Plaintiff and the Ohio Class have all been injured in that they have been uncompensated due to Defendant's common policy, and practice, and willful conduct. Defendant's corporate wide policies and practices affected the Ohio Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class members.

37. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Ohio Class members.

38. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and the FLSA Collective members who will join this case pursuant to 29 U.S.C. § 216(b).

42. Plaintiff and other similarly situated employees were not paid their total amount of overtime compensation because Defendant failed to properly calculate their overtime compensation by not including Plaintiff's and other similarly situated employees' non-discretionary compensation, including but not limited to "Rent".

43. Plaintiff and other similarly situated employees were not paid lawful overtime compensation of one and one-half times their properly calculated regular rates for hours worked in excess of 40 in a workweek, resulting in violations of the FLSA.

44. Defendant failed to pay Plaintiff and other similarly situated employees the required overtime compensation.

45. At all relevant times, Defendant knew it was required to pay Plaintiff and the FLSA Collective members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

46. Defendant's practice and policy of not paying Plaintiff and other similarly situated for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the FLSA.

47. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

48. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the FLSA Collective members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

49. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## COUNT TWO
**(Ohio Class - Overtime Violations)**

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Plaintiff brings this claim for violation of the OMFWSA, on behalf of himself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

52. Plaintiff and the Ohio Class members were not paid their total amount of overtime compensation because Defendant failed to properly calculate their overtime compensation by not including Plaintiff's and other similarly situated employees' non-discretionary compensation, including but not limited to "Rent".

53. Plaintiff and the Ohio Class members were not paid lawful overtime compensation of one and one-half times their properly calculated regular rates for all hours worked in excess of 40 in a workweek, resulting in overtime violations of Ohio law.

54. Defendant failed to pay Plaintiff and the Ohio Class members the required overtime compensation.

55. At all relevant times, Defendant knew it was required to pay Plaintiff and the Ohio Class members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

56. Defendant's practice and policy of not paying Plaintiff and the Ohio Class members for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the OMFWSA.

57. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the Ohio Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

58. As a result of Defendant's violations of the OMFWSA, Plaintiff and the Ohio Class members were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, respectfully requests that this Honorable Court:

A. Direct that Court-approved notice be issued pursuant to 29 U.S.C. § 216(b) to similarly situated persons informing them of this action and enabling them to opt-in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and the Ohio Class members;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join, and the Ohio Class members;

D. Award Plaintiff, the Opt-Ins who join, and the Ohio Class members actual damages for unpaid wages;

E. Award Plaintiff and the Opt-Ins who join liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the Opt-Ins;

F. Award Plaintiff, the Opt-Ins who join, and the Ohio Class members pre-judgment and post-judgment interest at the statutory rate;

G. Award Plaintiff, the Opt-Ins who join, and the Ohio Class members all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

H. Award Plaintiff, the Opt-Ins who join, and the Ohio Class members any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
1360 E 9th St, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (Ohio 0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiff*